IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM D. HUBBARD                  §
                                    §
        Plaintiff,                  §
                                    §
VS.                                 §            NO. 3-06-MC-069-N
                                    §
CHASE CARDMEMBER SERVICES           §
                                    §
        Defendant.                  §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff William D. Hubbard, appearing *pro se*, seeks leave of court to file an unspecified

civil action against Chase Cardmember Services.  His motion states in full:

> My interest rate was unjustly raised in acct #xxxx xxxx xxxx 4690
> and the terms of closing the account was not upheld by the business.
> So under the provision of the Constitution of the United States.  I
> seek the debt withdrawn without actions taken by the business in
> response.
>
> Various Court Cases and Presidential Documents of Freedom.

Attached to the motion are various documents from JPMorgan Chase Bank, N.A. declining plaintiff's

request to reopen his credit card account due to "account performance."  Plaintiff does not allege any

facts giving rise to a potential claim against defendant or a basis for federal subject matter

jurisdiction.  Consequently, leave to file this patently frivolous action should be denied.

Plaintiff is no stranger to the civil justice system or to this court.  After filing more than 20

lawsuits in a five-year period between 1997 and 2002, all of which were dismissed for various

reasons, plaintiff was sanctioned $500.00 and barred from filing any additional civil actions without

the permission of a district judge or a magistrate judge. *Hubbard v. Dep't of the Treasury*, No. 3-02-

CV-1974-D (N.D. Tex. Nov. 19, 2002).[1]  Since that order was entered, plaintiff has initiated 11

different miscellaneous actions seeking leave to file lawsuits against various federal and private

entities, including the United States of America, the Internal Revenue Service, the White House, and

Chase Auto Finance.  Each time leave was denied.  In one case, plaintiff was warned that "if he

persists in attempting to file frivolous lawsuits, the Court may order that his pleadings and other

documents be discarded without notice." *Hubbard v. White House Staff*, No. 3-03-MC-051-H (N.D.

Tex. May 14, 2003).  Although that warning dissuaded plaintiff from burdening the court with

frivolous filings for a little over two years, plaintiff has sought leave to file three more lawsuits since

August 2005.  One motion was summarily denied on March 22, 2006.  Two remain pending.

It is readily apparent that the court's warnings and sanctions have failed to curb plaintiff's

appetite for filing frivolous lawsuits.  His repeated attempts to assert groundless claims, without any

basis in law or fact, impair the justice system by wasting scarce judicial resources and should be

tolerated no longer.  As the Fifth Circuit observed:

> Frivolous cases harm the justice system.  The brunt of the harm is
> borne by those who seek and are entitled to relief from our courts. .
> . . When frivolous complaints consume inordinate amounts of scarce
> judicial resources, valid complaints suffer from delay and all of the
> negative aspects of delay.  The frivolous filings by [plaintiff] poses
> such a burden on legitimate complaints.

*Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994).  In light of plaintiff's litigious conduct and

blatant disregard of prior court orders, further sanctions are warranted.  Plaintiff should be

sanctioned the additional sum of $1,000.00 and barred from filing any pleadings, motions, or

correspondence of any kind until this sanction is paid.

---

[1]  In its order, the court specifically noted that plaintiff had a history of filing "bizarre and often unintelligible
pleadings" which are "patently frivolous and place an undue burden on the court and clerk to address them." *Hubbard*,
No. 3-02-CV-1974-D, op. at 1.

## RECOMMENDATION

Plaintiff's motion for leave [Doc. #1] should be denied.  In addition, plaintiff should be ordered to pay a $1,000.00 sanction to the United States District Clerk for the Northern District of Texas and barred from filing any pleadings, motions, or correspondence of any kind until this sanction is paid.  The clerk should be instructed not to file any such pleadings, motions, or correspondence and to return the same to plaintiff upon receipt.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  August 21, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE